J-S22025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS MCDONOUGH | : | |
| | : | |
| Appellant | : | No. 3026 EDA 2025 |

Appeal from the PCRA Order Entered November 6, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0327761-1994

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                                   **FILED JULY 6, 2026**

Thomas McDonough ("McDonough") appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 1993, while McDonough was living with two roommates, Lori Heyman ("Heyman") and her boyfriend, Kenneth Blue ("Blue"), McDonough stabbed Blue to death and attempted to rape Heyman.  In 1996, the trial court found McDonough guilty of third-degree murder, aggravated assault, attempted rape, and possession of an instrument of crime ("PIC").  On November 4, 1996, the trial court sentenced McDonough to an aggregate term of fifteen to forty years in prison.  Although McDonough appealed his judgment of

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

sentence, this Court dismissed the appeal on June 13, 1997, after McDonough failed to file a brief.

McDonough filed a *pro se* PCRA petition in August 1997, and the court appointed counsel, who filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See** PCRA Court Opinion, 1/12/16, at 1. The PCRA court thereafter dismissed the petition. **See id**. McDonough filed his second *pro se* PCRA petition in 2012, which the court denied in 2016. **See id**.

On November 13, 2023, McDonough filed a *pro se* writ of *habeas corpus* wherein he claimed that he received an unconstitutional sentence because the trial court's decision to impose his sentences for third degree murder and aggravated assault consecutively constituted a "substantive due process violation" which "improperly structured the balance of the sentence for attempted rape and [PIC]." PCRA Petition, 11/13/23, at 7-8. McDonough further averred that his sentence was illegal because his crimes should have merged for sentencing purposes as "it was in effect a single criminal act with no intervening period(s)." **Id**. at 8. The PCRA court treated the filing as McDonough's third PCRA petition.[2]

_____

[2] A defendant cannot escape the PCRA's time bar by titling his or her petition as a writ of *habeas corpus*. **See Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013). Both the PCRA and the state *habeas corpus* statute
*(Footnote Continued Next Page)*

Notably, McDonough did not acknowledge the untimeliness of his petition or attempt to invoke any exception to the PCRA's time bar. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on the basis that the petition was untimely and McDonough had failed to plead or prove any timeliness exception. McDonough did not file any response to the Rule 907 notice. On November 6, 2025, the PCRA court entered an order dismissing the petition, as well as an opinion explaining the basis for its dismissal order. McDonough filed a timely notice of appeal. The PCRA court did not order McDonough to file a concise statement pursuant to Pa.R.A.P. 1925, and he did not do so.

McDonough raises the following issue for our review: "Whether the lower court committed legal error for failure to appoint PCRA counsel to assist

_____

contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim. *See Commonwealth v. Peterkin*, 722 A.2d 638, 640; *see also* 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*"); 42 Pa.C.S.A. § 6503(b) (providing that "the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law"). Importantly, the PCRA "provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. Accordingly, as a claim that a sentence is illegal is cognizable under the PCRA, a defendant's post-conviction motion to correct an illegal sentence is properly treated as a PCRA petition. *See Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011).

[McDonough] on his first uncounseled PCRA petition filed in 2012?" McDonough's Brief at 4.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 2012 PA Super 98, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, the trial court imposed McDonough's judgment of sentence on November 4, 1996. This Court dismissed his appeal on June 13, 1997, and he did not seek further review by the Supreme Court of Pennsylvania. Accordingly, because McDonough did not seek further review in the Supreme Court of Pennsylvania, his judgment of sentence became final thirty days later, on July 14, 1997. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 1113(a) (providing that a petition for allowance of appeal shall be filed within thirty days after the entry of the order of the Superior Court sought to be reviewed). Thus, McDonough had one year from that date, until July 14, 1998, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As McDonough filed the instant petition on November 13, 2023, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1):

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Further, it is well-settled that "[a]lthough legality of sentence is always subject to review within the PCRA, [these] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Consequently, an "[a]ppellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence." *Commonwealth v. Woods*, 179 A.3d 37, 43 (Pa. Super. 2017).

Here, in his third petition, McDonough did not acknowledge the untimeliness of his third petition, nor did he plead the application of any timeliness exception therein. Thus, he failed to invoke the PCRA court's jurisdiction. *See Albrecht*, 994 A.2d at 1093. Accordingly, as the record supports the PCRA court's ruling, which is free from legal error, we affirm the PCRA court's dismissal order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>7/6/2026</u>